```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
In re GEORGE WASHINGTON BRIDGE BUS              :
STATION DEVELOPMENT VENTURE LLC.                :
                                                                 :
                                         Debtor.                 :
-----------------------------------------------------------------X
                                                                 :
TUTOR PERINI BUILDING CORP.,                    :
                                                                 :
                                         Appellant,              :
                                                                 :
                     v.                                          :
                                                                 :
GEORGE WASHINGTON BRIDGE BUS                    :
STATION DEVELOPMENT VENTURE LLC,                :
                                                                 :
                                         Appellee.               :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2022

1:21-cv-8069-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On June 27, 2022, the Court observed that Appellant has a pending appeal before the Second Circuit which Appellant has argued is potentially determinative of issues in this case. Dkt. No. 16. Accordingly, the Court ordered the parties to submit a joint letter detailing, among other things, their positions on whether this case should be stayed pending resolution of Appellant's Second Circuit appeal. *Id.* The parties submitted their joint letter on July 7, 2022. Dkt. No. 17. Appellant argues that the Court should stay this case pending resolution of Appellant's appeal before the Second Circuit. *Id.* Appellee opposes a stay. *Id.*

"A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012)). Courts in this district consider five factors when determining whether to grant a stay:

> (1) [T]he private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* "A court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012).

The balance of relevant factors weighs in favor of staying all proceedings in this case pending the Appellant's Second Circuit appeal.

First, the Second Circuit's decision could settle a key issue that has direct bearing on this appeal—namely, whether Appellant is entitled to a "cure claim" under Bankruptcy Code § 365(b). In this appeal, Appellant argues that the Bankruptcy Court erred by approving the sale without making allowance for the payment of Appellant's cure claim in the event Appellant is successful in its Second Circuit appeal. Dkt. No. 8 at 8–10. Whether Appellant is successful in the appeal, and is therefore entitled to a cure claim, is potentially dispositive of Appellant's grounds for appeal in this case, which weighs in favor of a stay. *See Sikhs for Just.*, 893 F. Supp. 2d at 622 (noting that a court may "properly exercise its staying power" to await a high court decision "bearing on the action," even when "the issues in [a higher court's] proceedings are [not] necessarily controlling on the action" in the lower court and "may not settle every question of fact and law"). Additionally, because Appellant's Second Circuit appeal has been fully briefed since March, any delay caused by a stay is unlikely to be lengthy. *See* Dkt. No. 17.

In opposition, Appellee argues that resolution of Appellant's Second Circuit appeal does not impact this case, because "the doctrine of statutory mootness set forth in Bankruptcy Code §363(m) or the doctrine of equitable mootness preclude the instant appeal." Dkt. No. 17. The Court takes no position on those issues. However, if this appeal is not precluded, the Court will have to take up the issue of whether the Bankruptcy Court erred by approving the sale without making allowance

for the payment of Appellant's cure claim. Because the Second Circuit appeal may "settl[e] an important issue of law bearing on the action," a stay is favored. *Sikhs for Just.*, 893 F. Supp. 2d at 622. Similarly, a stay would promote the public and judicial "interest in the efficient conduct of litigation." *Loftus*, 464 F. Supp. 3d at 527; *see also Readick v. Avis Budget Grp., Inc.*, No. 12-cv-3988, 2014 WL 1683799, at *6 (S.D.N.Y. Apr. 28, 2014) ("[C]onsiderations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary."). Finally, although Appellee opposes a stay, Appellee does not contend that it would be subject to any prejudice as a result of a stay.

As such, Appellant's request to stay this case pending resolution of Appellant's Second Circuit appeal, is granted. The parties are directed to submit a joint status letter to the Court promptly following the resolution of Appellant's Second Circuit's appeal.

The Clerk of Court is directed to note the stay on the docket of this case.

SO ORDERED.

Dated: July 9, 2022
New York, New York

GREGORY H. WOODS
United States District Judge